# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-4101-DDC-KGG |
| | ) |
| GREG WILCOX, *et al.*, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint (Doc. 1), Plaintiff Mike Allen also filed an Application to Proceed Without Prepaying Fees or Costs ("IFP application," Doc. 4, sealed) with a supporting financial affidavit (Doc. 4-1). Plaintiff also filed an Amended Complaint (Doc. 12) and subsequent IFP motion (Doc. 13). After review of Plaintiff's motions, as well as his financial affidavit, the Complaint, the various supplements to the Complaint (Docs. 5, 7, 9, 11), and the Amended Complaint (Doc. 12), the Court finds Plaintiff's initial IFP application (Doc. 4) to be **MOOT** and the Court **GRANTS** the second IFP application (Doc.

1

13). Further, the Court **RECOMMENDS** Plaintiff's claims be **DISMISSED** for failure to state a viable cause of action in federal court.

**A.     Motion to Proceed IFP.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). "Proceeding in forma pauperis in a civil case 'is a privilege, not a right – fundamental or otherwise.'" **Barnett v. Northwest School**, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting **White v. Colorado**, 157 F.3d 1226, 1233 (10th Cir. 1998)). The decision to grant or deny in forma pauperis status lies within the sound discretion of the court. **Cabrera v. Horgas**, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally*, **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. See **Patillo v. N. Am. Van Lines, Inc.**, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates he is unemployed with no income over the past 12 months. (Doc. 4-1, sealed, at 1.) He states that he receives "food assistance and low income energy assistance" based on his lack of income. (*Id.*, at 2.) He indicates he has no dependents. (*Id.*) He has only a small amount of cash on hand. (*Id.*, at 2.) He owns an automobile, outright, with little residual value. (*Id.*)

The Court finds that, based on the information provided, Plaintiff's access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 13, sealed.[1])

**B.   Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing

---

[1] As stated above, the Court finds Plaintiff's initial IFP motion (Doc. 4) to be moot because he filed the subsequent motion (Doc. 13), which the Court grants herein. The Court considered the financial affidavit (Doc. 4-1) submitted with his initial motion, however, because no financial affidavit was included with the second IFP motion.

interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  See *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  See *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a pro se plaintiff.  See *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  *Hall*, 935 F.2d at 1110; *see also* *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite

4

proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires

three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested.  Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint and Amended Complaint (Doc. 1, Doc. 12) and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff is seeking damages against the City of Wichita, Kansas.  He states that he is

> appealing from the Kansas Court of Appeals' memorandum opinion and the Municipal Court of Wichita judgment to the US court of the District of Kansas, Topeka division.  [Plaintiff] had no criminal record for the last 36 years in Wichita Kansas.  He earned no income for 2018 & 2019 as he was wrongfully implicated in a sting operation conducted in Wichita in 2017 while he was conducting academic research related to his graduate studies ([Plaintiff's]enrollment status in a PhD program at the time of incident, …).  [Plaintiff] was railroaded into the system … .  Aside from the hefty fines resulting from the Municipal Court trial ($3216.50), the misdemeanor charges which were placed on [Plaintiff's] record disabled his professional career as he was no longer able to obtain security clearance for employment.

(Doc. 12, at 5.)

Plaintiff is attempting to appeal a City of Wichita municipal court conviction to the United States District Court for the District of Kansas. This is improper.

> Because 'federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.' Although Plaintiff claims violations of his civil rights, the pleadings demonstrate this is an attempt to overturn the Sedgwick County court's decision. However, the ***Rooker-Feldman*** doctrine prevents this Court from hearing what is essentially the appeal of a state court judgment. '[A] federal district court cannot review matters actually decided by a state [or municipal] court, nor can it issue 'any declaratory relief that is inextricably intertwined with the state court judgment.'' Even though Plaintiff couches his claims as violations of his federal civil rights, such claims are found to be 'inextricably intertwined if the federal claim succeeds only to the extent that the [municipal] court wrongly decided the issues before it.' Here, Plaintiff's current federal claims would not exist, were it not for the [municipal] court decision, and the ***Rooker-Feldman*** doctrine bars this Court's review of that … court ruling.

***Ross v. Wolf***, No. 17-4027-DDC-GEB, 2017 WL 4023292, *3 (D. Kan. July 12, 2017) (relying on ***Fellows v. State of Kan.***, No. 04-4131-JAR, 2005 WL 752129, at *3 (D. Kan. Mar. 31, 2005), ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 476 (1983), and ***Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415–16 (1923)) (other citations omitted). Thus, there is no basis for federal court jurisdiction. As such, the undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 4) is **MOOT** while his motion for IFP status (Doc. 13) is **GRANTED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's Complaints (Docs. 1 and 12) be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 10th day of December, 2019.

s/ Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge