# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MIKE ALLEN,

    Plaintiff,

v.

CITY OF WICHITA,

    Defendant.

Case No. 19-4101-DDC-KGG

## MEMORANDUM AND ORDER

On November 4, 2019, pro se plaintiff Mike Allen filed a Complaint using the court's standard form for Civil Complaints. Doc. 1. A month later, plaintiff filed an Amended Complaint. Doc. 12. It too used the court's standard form. Doc. 12. Plaintiff's two Complaints are substantially similar. And the allegations in both Complaints are difficult to understand. But, as best the court can discern, plaintiff generally alleges that defendant violated his civil rights by placing two misdemeanor charges on his record. Plaintiff asserts that no evidence exists to support the charges. And, he contends that he lost employment opportunities because of the misdemeanor charges on his record. With this lawsuit, plaintiff asserts that he "is appealing from the Kansas Court of Appeals' memorandum opinion and the Municipal Court of Wichita judgment to the US court of the District of Kansas." Doc. 12 at 5.

On December 10, 2019, Magistrate Judge Kenneth G. Gale issued a Report and Recommendation, recommending that the district court dismiss this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. Doc. 16. Judge Gale noted in his Report and Recommendation that plaintiff may serve and file objections to the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, within

14 days after service of the Report and Recommendation. Doc. 16 at 8. Also, Judge Gale advised plaintiff that failing to make a timely objection to the Report and Recommendation waives any right to appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. *See id.* (explaining that "Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition"). The Clerk of the Court sent a copy of the Report and Recommendation to plaintiff by regular and certified mail. *See* December 10, 2019 Docket Entry (reciting that the Report and Recommendations was "mailed to plaintiff Mike Allen on 12/10/2019 by both regular mail and certified mail; Certified Tracking Number 7019 0700 0000 5927 4261."). And, the Clerk received a return receipt showing the certified mailing with the Report and Recommendation was delivered to Mr. Allen's address of record on December 13, 2019. Doc. 18.

Service of the Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known address—in which event service [was] complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). "Mailing" occurred on December 10, 2019, when the Clerk mailed the Report and Recommendation to plaintiff. Thus, the time for plaintiff to file objections to the Report and Recommendation expired on December 24, 2019.

To date, plaintiff has filed no objection to Judge Gale's Report and Recommendation, nor has he asked to extend the time to file an objection. Because plaintiff has filed no objection to the Report and Recommendation within the time prescribed, and he has sought no extension of time to file an objection, the court can accept, adopt, and affirm the Report and Recommendation in its entirety. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of

timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

Also, the court has reviewed Judge Gale's Report and Recommendation. And the court agrees with his conclusions. Plaintiff's Complaint, even when given the most liberal construction, provides no basis for the court to exercise jurisdiction over plaintiff's claims. Plaintiff says that this action is an appeal of misdemeanor convictions from the Municipal Court in Wichita. Doc. 12 at 5. But, as Judge Gale explained in his Report and Recommendation, the *Rooker-Feldman* doctrine bars the federal court from reviewing a state court judgment. Doc. 16 at 7 (quoting *Ross v. Wolf*, No. 17-4027-DDC-GEB, 2017 WL 4023292, *3 (D. Kan. July 12, 2017) (first citing *Fellows v. State of Kan.*, No. 04-4131-JAR, 2005 WL 752129, at *3 (D. Kan. Mar. 31, 2005), then citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), then citing *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923))). The court thus adopts Judge Gale's recommendation that the district court dismiss this lawsuit under 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff fails to state a cause of action subject to federal jurisdiction.

Plaintiff has filed two other motions in the case. First, he filed a "Motion for Order of Indigence" (Doc. 17). The motion is hard to understand but it appears to assert that plaintiff is innocent of the misdemeanor charges and asks the court to "protect his constitutional rights by expunging the record to allow for gainful employment." *Id.* at 1. Second, plaintiff filed an "Amendment to Proceed with Court Summons" (Doc. 19). It asks the court to "issue the summons as a part of the judicial proceedings under the constitution." *Id.* at 1. Because the court dismisses plaintiff's lawsuit for failing to assert claims subject to federal jurisdiction, the court denies both motions as moot.

**IT IS THEREFORE ORDERED THAT**, after reviewing the file *de novo*, the Report and Recommendation issued by United States Magistrate Judge Kenneth G. Gale on December 10, 2019, (Doc. 16) is **ACCEPTED, ADOPTED, and AFFIRMED**. The court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED THAT** plaintiff's "Motion for Order of Indigence" (Doc. 17) is denied as moot.

**IT IS FURTHER ORDERED THAT** plaintiff's "Amendment to Proceed with Court Summons" (Doc. 19) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 6th day of January, 2020, at Kansas City, Kansas.**

                                                            **s/ Daniel D. Crabtree**
                                                            **Daniel D. Crabtree**
                                                            **United States District Judge**